Subscriptions may be made to begin at No. 1 or any subsequent number.

SUBSCRIPTION PRICES and TERMS

Per year (50 issues) .......................... $15.00
Single Numbers ............................... .50

Address all communications to:

The Law Abstract Co., 309-310 The Arcade

Cleveland, O.

### THE GLORIOUS FOURTH

#### No Paper That Week

As the Ohio Courts will have all adjourned before the first week of July, and there will then be but little if anything doing in judicial matters, there will then be a general vacation with Bench and Bar, and lest otherwise The Abstract might be considered by its subscribers as an intruder that week, we are going to desist from taking such a risk. Furthermore, July 4th is our issue day for that week, and it would look bad to many to desecrate that day by such an unpatriotic act.

And then, there is another reason for this omission. According to the terms of our subscription, we are to issue but 50 papers for the year; hence we have two dates to omit. On our last issue of June, we will have sent out our No. 26. and but 24 will be required for the remaining six months. We have selected July Fourth as one of the dates that will have to be skipped to make the publication year and that of the calendar harmonize.

Besides these two excuses, we have still another one. By taking advantage of this recess, we will be able to put in more time on the Ohio Law Abstract Digest, and thus be able to get it out on time. The week of July Fourth is also a bad one to get work done at printing offices.

At this time we cannot announce positively when the other omission will be made, but it will probably be Christmas week.

### ANNOUNCEMENT OF THE SEMI-ANNUAL

#### DIGEST

We are now engaged in preparing a Digest of the cases which have been published in the Ohio Law Abstract, covering its first 26 numbers, beginning in December, 1922, and ending with the contents of the issue of June 27. The same headlines as have appeared in the weekly Abstracts will be used in making up the paragraphs, but they will be carefull reassembled and regrouped, and additional subject introduced, to make it as easy as possible for th searcher to quickly find any existing authority tha he is looking for.

The type will be reset, and proper corrections an improvements made.

It will contain the law of about 600 cases, equiva lent to that of about eight ordinary volumes of r ports, over 500 of which will not previously hav been published elsewhere than in The Abstrac They will, however, be of the same grade of autho ity as those from the same courts published official New Tables of Cases Decided and of Statutes Co strued will be given.

The function of this volume will be to aid Th Abstract in keeping its readers posted on the doing of the courts during the intervals occurring betwee the appearance of the official volumes and as to th vast number of cases that, though reported, neve would see the printer—the pigeon-holed contingent— were it not for this paper.

As this Digest cannot be compiled until afte July 1, and because of the large amount of wor required to get it ready, we have set about Jul 25 as the date for its appearance. It will be a pa of our regular issue of that date, and each of ou subscribers will receive it, free of extra charge.

The Digest alone would readily sell for 65, as othe such books are charged for, but we give it free to a Abstract subscribers whose names are on our list o the date of its issue. In the future it can be ac quired only by those who become new subscribers.

The Digest will be kept up by a serviceable pla which will be announced hereafter.

## COURT OF APPEALS of U. S.

### CINCINNATI

### U. S. COURT of APPEALS, SIXTH CIRCUI

#### No. 458

#### BARON et al v. UNITED STATES

U. S. Circuit Court of Appeals, Sixth Circuit No. 3704. 286 Fed. Decided Feb. 6, 1923

INTOXICATING LIQUORS—(1) Granting of con tinuance discretionary—(2) Evidence held suffici ent to justify submission to jury—(3) Evidenc found on person lawfully arrested admissible— (4) Failure to limit evidence to question of inten not prejudicial—(5) Admission of evidence hel not prejudicial—(6) Sufficiency of indictment.

DENISON, J.

#### Epitomized Opinion

Baron was a wholesale liquor dealer in Brooklyr N. Y., who had purchased due permits to purchas whiskey in Pittsburg and ship it to Brooklyn. H withdrew from a Pittsburg distillery warehouse 50 cases—being five truck loads—and started the trans portation. One Barnett accompanied the trucks a guard. When they had reached Youngstown, Ohic on their journey to Brooklyn the whiskey was seized and Baron and Barnett, with others, were arrestec They were later indicted with several others, an were charged in count 6 o fthe indictment with conspiracy to violate the national prohibition ac by using permits for the withdrawal and shipmen to Youngstown for sale there for beverage purposes Baron and Barnett were tried and found guilty o three counts, including this one for conspiracy an they separately assigned error. In affirming th

judgment of Judge Westenhaver of the U. S. District Court of Cleveland, where the defendants were tried, the U. S. Circuit Court of Appeals held:

1. The granting of a continuance or of separate trials to defendants jointly indicted rests in the discretion of the trial court.

2. In a prosecution for conspiracy to violate the national prohibition act, where there is some evidence found on him as to prohibit its use on his trial; therefore, no error was committed in introducing various letters in evidence tending to show the purpose for which the liquor was being transported.

3. Where the guilt or innocence of a defendant depends solely on his intent, the admission in evidence generally of letters relating to similar transactions, instead of limiting them to the issue of intent, is not prejudicial.

5. On the trial of two defendants for conspiracy permitting evidence originally admitted against one defendant only to be considered generally is not prejudicial to the other defendant where such evidence tends to show a conspiracy.

6. An indictment charging that defendants induced a carrier to take a shipment of liquor for delivery to a named consignee in New York when the purpose was to have delivery made at a different place to one not the consignee, is sufficient to charge an offense under the national prohibition act.

Attorneys—E. H. Moore, for Baron; B. W. Henderson, for U. S.